Chancellor Waties,

delivered the opinion of the Court.

The bill in this case was brought to establish a copartnership in certain lands, held by 1. H. Ancrum and T. P: Chiffelle, on which they erected a mill for the sawing of lumber. It was proved that the mill was always called “Ancrum & Chiffelle’s;” that bills of lumber were sawed and sold by them in the name of Ancrum &i Chiffelle; that they sued and were sued, and their accounts were kept in that name. The question made in the case is, whether the lands so used in the business of the mill, were copartnership property or not.
There can be no doubt that land may be the subject of a partnership concern. This has been repeatedly decided. In Lake, vs. Craddock, 3 P. W. 158, several persons purchased a *30 tract of land, with intent to drain it, aud the purchase was made by them as joint tenants in fee; bufas they had contributed rateably to the purchase, they were held to be tenants in common, by reason of the partnership. The master of the rolls declared “that an undertaking upon the hazard of profit or loss, was in the nature of merchandizing.”'
So in the case of Foster, vs. Hale, 3 Ves. 696, and 5 Ves. 508, in which there was a lease to three persons of a colliery. The court held that as the partnership was established, the premises necessary for the purposes of that partnership were, by operation of law, held for those purposes. In Thornton, vs. Dixon, 3 Bro. c. r. 199, Lord Thurlow said, he had always understood where partners bought land for the purpose of a partnership concern, it was to be considered as part of the partnership fund, and he was at first disposed to think that this would make it distributable as personal estate; he determined however afterwards, that it should result to- the heir at law, as the agreement of the partners was not sufficiently expressed to change its legal nature. But whether land assumes the character of real or personal estate in becoming partnership property, is immaterial, as it affects the right of the joint creditors of a partnership; for if land under either character becomes partnership property, it must, upon principle, be necessarily liable to partnership debts. The rule on this subject has been fully settled. Where there are different classes of creditors, witli respect to the joint and separate estate of copartners, each estate shall be applied exclusively in the first instance to the payment of its own creditors, and neither the joint creditors shall come upon the separate estate, nor the separate upon the joint, but only upon the surplus of each that shall remain, after each has fully satisfied its own creditors.
It is only necessary then, in the present case, to enquire whether the lands used for the purposes of the mill became a partnership fund; and this fact appears to be fully established. It is admitted by the answer of Mr. Chiffelle, the surviving partner, and both the partners have declared it by a written instrument, executed after they had both become insolvent, which re *31 moves all objection to it on the ground of interest. But this evidence would otherwise be properly admissible. In Foster, vs. Hale, before cited, it was iield that under a lease for a term of years to one partner in his own name, a trust would be raised by implication in favor of copartners,'from letters and a paper referred to by them, in the hand writing of the partner, though not signed or dated; and the partner in whose name the lease was taken, was decreed to hold the premises for himself and his co-partners in equal'shares. In that case too, great stress was laid on the circumstance that the land was necessary for carrying on the colliery,_ and the lease was held to be an incident to the partnership for that reason. So in the present case, the lands must be •regarded as partnership property, although not so declared in the conveyances. But the partners have declared that they were brought into the partnership fund for the erection and use of the mill, and it is evident that they were necessary for those purposes; the notes also which have been given to the complainant, Winslow, manifest very strongly the joint interest of the partners in the transaction. The creditors then of the partnership have a right to be paid out of this fund, in preference to the separate creditors of the partners; but they cannot exclude the prior liens of the separate creditors of the copartner, Ancrum, who bad obtained judgments against him before he conveyed his share of the land to the use of the partnership. It is just however that these creditors should first resort .to his seprate estate, before they are allowed to come on the partnership fund.
It is therefore ordered and adjudged, that the decree of the circuit court be reversed, and that the proceeds of the sale of the mill, establishment of Ancriim &. Chiffelle, be paid to the complainants in rateable proportions to their demands, as creditors of the partnership of A. & C. subject however as to the moiety of Ancrum, to the legal liens which his separate creditors may have obtained thereon, before his conveyance of the same to the use of the said partnership: provided that the said creditors shall have first exhausted the separaté estate of the 'said Ancrum, which may be liable to their demands.
Chancellors Dessausstire and James, concurred.